```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

PATRICK MARTYN, ET AL.                    CIVIL ACTION

VERSUS                                    NO: 07-4665

STATE FARM FIRE AND CASUALTY              SECTION: "J" (3)
COMPANY
```

**ORDER AND REASONS**

Before the Court is defendant's **Motion for Summary Judgment (Rec Doc. 21).** This motion, which is opposed, was set for hearing on October 1, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be granted.

**Background Facts**

Plaintiffs are the owners of two rental properties in Metairie, Louisiana that were damaged by flood waters related to Hurricane Katrina on August 29, 2005. The properties were insured by State Farm Fire and Casualty Company ("State Farm"), which issued a Standard Flood Insurance Policy ("SFIP") under the

Write-Your-Own Program of the National Flood Insurance Program ("NFIP").  Plaintiffs made a claim on the policies covering each property following the hurricane.  As a result of those claims, State Farm paid $64,715.32 for the property at 4009 Harvard Street and $77,720.47 for the property at 3600 Lime Street.  This suit was filed on August 27, 2008 seeking additional payment under the SFIP policies covering each property.

## The Parties' Arguments

State Farm has filed this Motion for Summary Judgment arguing that plaintiffs are not entitled to any further recovery under the SFIP policies because plaintiffs have failed to comply with the conditions precedent to the filing of this lawsuit, namely, the failure to submit a timely, signed, and sworn Proof of Loss and the failure to submit documentation in support of the additional amount claimed.

Additionally, State Farm argues that plaintiffs' claims for additional living expenses should be dismissed because these types of consequential damages are expressly excluded from SFIP coverage.  Lastly, State Farm asserts that plaintiffs' state-law based extra-contractual claims for the bad faith handling of their flood loss claims are preempted by federal law.

In opposition, plaintiffs argue that the Federal Emergency Management Agency ("FEMA") circulated "conflicting messages" that

2

waived the formal filing of the Proof of Loss for SFIP policies. As such, plaintiffs contend that an issue of material fact exists as to whether and to what extent FEMA waived the Proof of Loss requirement.

## Discussion

Under FEMA regulations, strict adherence is required to all terms of the SFIP.  44 C.F.R. §§ 61.13(a), (d), (e).  The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing . . . (1) "the actual cash value . . . of each damaged item of insured property . . . and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due under [the] policy to cover the loss . . . ."  Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3).  Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998).  Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, FEMA waived the requirement to file a proof of loss prior to receiving insurance proceeds.  Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report.  If the insured disagreed with the adjuster's report, a Proof of Loss would be required as follows:

3

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss . . . . The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim.

Id.

The requirements for submitting proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;
>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
> h. Details about who occupied any insured building at the time of the loss and for what purpose; and
>
> I. The inventory of damaged personal property described in J.3.above.

As the provisions of an insurance policy issued pursuant to a

federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.  Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998).

In Gowland, the Court stated "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy."  Id. at 954. Although the Gowlands provided notice of loss through their agent, they never filed a formal proof of loss statement as required by the flood policy.  Id.  As a result, the court affirmed the grant of the insurer's motion for summary judgment.

Most recently, the Fifth Circuit in Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Co. similarly held that because the plaintiff in that case failed to submit a sworn proof of loss within one year of the date of the loss, the suit was precluded as a matter of law.  No. 07-31005, 2008 WL 4150108, at *3 (5th Cir. Sept. 10, 2008).

In the case at bar it is undisputed that the plaintiffs have failed to timely submit a signed and sworn Proof of Loss which is a condition precedent to this suit.  As a result, the plaintiffs cannot maintain this suit against State Farm.  Any position to the contrary is clearly mistaken based on federal statutory law, the Administrator's waiver and Fifth Circuit jurisprudence.

5

Accordingly,

**IT IS ORDERED** that defendant's **Motion for Summary Judgment (Rec Doc. 21)** is hereby **GRANTED.**

New Orleans, Louisiana, this 23rd day of October, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE